IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|  |  |  |
|---|---|---|
| MARYAM ASLANI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 1:16-cv-01398-LMB-MSN |
| | ) | |
| RAYMOND CURRY, | ) | |
| | ) | |
| Defendant. | ) | |

## **REPORT & RECOMMENDATIONS**

This matter is before the Court on Plaintiff's Motion for Default Judgment (Dkt. No. 7) and Defendant's Motion to Set Aside Default (Dkt. No. 12) and Memorandum in Support thereof (Dkt. No. 13). Having reviewed the record and pleadings, the undersigned Magistrate Judge makes the following recommendation for dismissal of this case pursuant to 28 U.S.C. § 636(b)(1)(B).

I. **Factual Background**

On November 4, 2016, Plaintiff Maryam Aslani, a resident of Virginia proceeding pro se, filed a Complaint alleging a "Title IX violation, Title IX retaliation, defamation per se, false light, and intentional infliction of emotional distress all arising from the Defendant's intentional efforts to cause the Plaintiff harm by defaming her through false reporting of her action and casting her in a false light." Compl. 6 (Dkt. No. 1). Plaintiff alleges that she was "dismissed" from the University of Illinois Chicago College of Medicine ("UICCOM") in her fourth year of medical school, just two months prior to her graduation, after she complained of sexual harassment to Defendant Raymond Curry, Senior Associate Dean for Educational Affairs. *Id.* at

7-8. Plaintiff alleges that Defendant violated Title IX by failing to report her sexual harassment complaint and instead "made false allegations, lied to the police, retaliated against plaintiff with his unprofessionalism, deception, [and] lack of integrity which led to several irreversible damages to plaintiff." *Id.* at 8-9.

## II. Procedural History

On November 9, 2016, Plaintiff attempted to serve Defendant. *See* Summons Returned Executed (Dkt. No. 3). However, the undersigned finds that service was improper. An individual may be served personally, at his or her dwelling or usual place of abode, or by delivery to an agent authorized or appointed to receive service of process. Fed. R. Civ. P. 4(e). Plaintiff served Corey J. Conn, a student services coordinator at the university, who was not authorized to accept service on Defendant's behalf. *See* Def.'s Aff. (Dkt. No. 15).

On December 5, 2016, Plaintiff filed the instant Motion for Default Judgment. Defendant filed a Motion to Set Aside Default and Memorandum in Support on December 12, 2016. Defendant also filed an Opposition to Plaintiff's Motion for Default Judgment on December 13, 2016 (Dkt. No. 16).

## III. Analysis

Pursuant to Federal Rule of Civil Procedure 12(b)(2), dismissal is proper when a district court is unable to exercise personal jurisdiction over a party. Plaintiff's Complaint does not allege that Defendant has any ties to Virginia or that the alleged conduct occurred within Virginia. The alleged violations took place in Chicago, Illinois, where UICCOM is located.

In addition, pursuant to 28 U.S.C. § 1391(b), a civil action may only be brought in a judicial district in which any defendant resides, where a substantial part of the events or omissions that gave rise to the claim occurred, or where any defendant is subject to the court's

personal jurisdiction with regard to the claim. In this case, Defendant resides in Chicago, Illinois, is employed by UICCOM in Chicago, Illinois, and the alleged incidents giving rise to Plaintiff's causes of action occurred in Illinois. Venue is therefore improper.

Accordingly, the Court is unable to hear Plaintiff's claims against Defendant.

**IV.     Recommendation**

For the foregoing reasons, the undersigned recommends that Plaintiff's Complaint against Defendant be dismissed for lack of jurisdiction.

**V.      Notice**

By means of the court's electronic filing system, and by mailing a copy of this Report and Recommendations to Defendants at their address for service of process, the parties are notified as follows. Objections to this Report and Recommendations must be filed within fourteen (14) days of service on you of this Report and Recommendations. Failure to file timely objections to this Report and Recommendations waives appellate review of the substance of the Report and Recommendations and waives appellate review of a judgment based on this Report and Recommendations.

/s/
Michael S. Nachmanoff
United States Magistrate Judge

December 15, 2016
Alexandria, Virginia